UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSE CALI                                         *        CIVIL ACTION
                                                  *
VERSUS                                            *        NO. 16-167
                                                  *
CRACKER BARREL OLD COUNTRY STORE, INC.            *        SECTION "L" (3)

## ORDER & REASONS

Before the Court is Defendant's Motion for Summary Judgment, R. Doc. 11. Plaintiff

opposes the Motion, R. Doc. 12. Defendant timely replies, R. Doc. 19. Having reviewed the

Parties' arguments and the applicable law, the Court now issues this Order and Reasons.

## I.        BACKGROUND

Plaintiff Rose Cali brings this personal injury action alleging injuries stemming from a

slip-and-fall in a Cracker Barrel. According to Cali, she tripped and fell in Hammond, Louisiana,

on the property of Cracker Barrel Old Country Store No. 352 on March 28, 2015. R. Doc. 1-1 at

2.  Specifically, Cali alleges that she was walking up to the porch of the Cracker Barrel when she

tripped and fell over the bottom section of a rocking chair that was in her path. R. Doc. 1-1 at 2.

Cali asserts that the rocking chair constituted an unreasonably dangerous condition, because it

was "sticking out" into the walking path. R. Doc. 1-1 at 2–3. Cali's injuries include a broken hip,

physical and mental pain and suffering, a total hip replacement surgery, and treatment with

physical therapists. R. Doc. 1-1 at 3. Cracker Barrel filed an Answer, denying its negligence and

asserting Cali's comparative negligence. R. Doc. 4 at 1–2.

## II.       PRESENT MOTIONS

### a.        Defendant's Motion for Summary Judgment (R. Doc. 11-3)

Defendant argues that its Motion should be granted because Plaintiff cannot establish the

essential elements of her case and there are no issues of material fact. R. Doc. 11-3 at 1.

According to Defendant, to prevail on her claim under La. R.S. 9:2800.6, Plaintiff must demonstrate (1) that the chair "presented an unreasonable and reasonably foreseeable rick of harm," (2) that Defendant "created or had actual or constructive notice of the condition," and (3) that Defendant "failed to exercise reasonable care." R. Doc. 11-3 at 3 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1084). Defendant argues that because the chair was open and obvious, it did not present an unreasonable risk of harm. R. Doc. 11-3 at 3. (citing *Watts v. Scottsdale Ins.*, (La. App. 2 Cir. 6/30/10) 43 So. 3d 266). Further, Defendant contends that the Court—not the jury—must determine which risks are unreasonable. R. Doc. 11-3 at 4. Finally, Defendant argues that while it had a duty to use reasonable care, its duty did not extend to ensuring the safety of every restaurant patron, and thus Plaintiff cannot recover under a theory of negligence. R. Doc. 11-3 at 5.

According to Defendant, Plaintiff frequently visited this restaurant, and had sat in these rocking chairs on numerous occasions. R. Doc. 11-3 at 5. Further, Defendant avers that surveillance video demonstrates other patrons walked past the chair without incident, and the chairs were in plain sight, visible to anyone who entered the restaurant. R. Doc. 11-3 at 6. Defendant contends that this evidence disproves Plaintiff's "completely unsupported and speculative allegations" that the rocking chair was placed in a hazardous location. R. Doc. 11-3 at 7. Thus, Defendant argues, Plaintiff has not provided any evidence that the rocking chair was a "hazardous condition" that "create[d] an unreasonable risk of harm to customers" as required to recover under La. R. S. 9:2800.6. R. Doc. 11-3 at 11.

If the Court does find that the chair's location created a foreseeable risk of harm, Defendant argues in the alternative that any potential risk was not unreasonable. R. Doc. 11-3 at 13. Defendant avers that the rocking chairs provide social value and utility to the restaurant, both

2

as a place for patrons to sit and as a way to display goods for sale. R. Doc. 11-3 at 13. Thus, according to Defendants, the benefit of the chairs outweighs the small risk of harm, such that it did not create an unreasonable risk of harm. R. Doc. 11-3 at 14.

Further, Defendant contends that Plaintiff cannot prove that Cracker Barrel had actual or constructive notice of the allegedly hazardous condition, or failed to exercise reasonable care. R. Doc. 11-3 at 14. According to Defendant, it is not foreseeable that someone would trip over a chair that was visible to anyone who walked by it. R. Doc. 11-3 at 15. Defendant contends that its employees were trained to "look for hazards" and frequently inspected the porch areas. R. Doc. 11-3 at 16. Thus, Defendant avers, it exercised reasonable care when placing and monitoring the rocking chairs.

Finally, Defendant argues that Plaintiff cannot prevail on a negligence action under La. Civ. Code art. 2315. Defendant avers that while they had a duty to exercise reasonable care, that duty did not extend to ensure the Plaintiff did not trip over an open and obvious chair leg. R. Doc. 11-3 at 18.

### b.      Plaintiff's Response (R. Doc. 12)

Plaintiff argues that Defendant's Motion must be denied because there are genuine issues of material fact regarding whether the rocking chair created an unreasonable risk of harm, whether the chair was an open and obvious condition, and whether Defendant acted reasonably to prevent possible harm. R. Doc. 12 at 2. Plaintiff contends that she did not see the chair because it was hidden behind a column, which demonstrates the condition was not open and obvious. R. Doc. 12 at 2. Additionally, according to Plaintiff's expert, the location of the chair violated "several applicable codes and standards," making the chair unreasonably dangerous. R. Doc. 12 at 2. Plaintiff avers that by placing the rocking chair "around a turn and immediately

behind a column with no warning signs," Defendant created an unreasonable risk of harm. R. Doc. 12 at 8. According to Plaintiff, this question is "is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." R. Doc. 12 at 8 (citing *Reed v. Wal-Mart Stores, Inc.*, 708 So.2d 362, 364 (La. 1998)). Thus, Plaintiff argues it is not an issue that can be decided on summary judgment. R. Doc. 12 at 8-9. Further, Plaintiff cites numerous cases where Louisiana courts have determined that obstacles which cause people to trip "often pose an unreasonable risk of harm in premises liability cases." R. Doc. 12 at 9.[1]

Next, Plaintiff argues that these rocking chairs did not have any utility, because there was already a row of chairs located against the building, and therefore the risk of harm they created was unreasonable. R. Doc. 12 at 10. According to Plaintiff, the utility of displaying one additional rocking chair—placed precariously behind a column, with its legs sticking out into the walkway—is vastly outweighed by the very high likelihood that someone walking by will trip on that chair. R. Doc. 12 at 10.

Additionally, Plaintiff argues that Cracker Barrel created or had notice of the condition that caused the harm, and there are questions of material fact whether Defendant failed to exercise reasonable care. R. Doc. 12 at 13-15. Plaintiff avers that because Defendant placed the chair behind the column, it had notice of the hazardous condition. R. Doc. 12 at 14. Further, Plaintiff argues that Defendant failed to exercise reasonable care because it did not have requirements for placing the chairs, or requirements for checking to ensure no chair had been moved to a dangerous location. R. Doc. 12 at 15.

---

[1]       Plaintiff cites to *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, pp. 22-23 (La. 5/4/13), 113 So. 3d 175, 191-92 (holding a shopping basket near a checkout counter created an unreasonable risk of harm); *Cole v. Brookshire Grocery Co.*, 08-1093, pp. 4-5 (La. App. 3d Cir. 03/04/09), 5 So. 3d 1010, 1013-14 (holding a carton of water on the floor of a grocery store was a tripping hazard); *Nelson v. Louisiana Stadium and Exposition Dist.* 01-1764 (La. App. 4 Cir. 11/13/02), 832 So. 2d 1043 (holding metal box created unreasonable risk of harm because it was placed in an area people were expected to walk).

Finally, Plaintiff contends there are genuine issues of material fact as to whether Defendant had a duty to protect its patrons from the risks presented by the rocking chair. R. Doc. 12 at 16. Plaintiff argues that whether the chair was open and obvious is a factual inquiry, and Plaintiff's testimony alone creates a disputed material fact. R. Doc. 12 at 16. Because there are disputed material facts, Plaintiff contends that Defendant's Motion for Summary Judgment must be denied. R. Doc. 12 at 17.

      c.        **Defendant's Reply (R. Doc. 18)**

Defendants timely replies, and argues that Plaintiff relies on outdated case law. In particular, Defendant explains "the Louisiana Supreme Court has clarified that summary judgment can be granted . . . on the issue of whether a condition presents an unreasonable risk of harm." R. Doc. 18 at 1-2 (citing *Bufkin v. Felipe's Louisiana*, LLC, 14-0288 (La. 10/15/14), 171 So. 3d 851, 856 ("We note that our opinion in *Broussard v. State ex rel. Office of State Buildings, supra,* should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous.")).

Next, Defendant reiterates its argument that Plaintiff cannot demonstrate the chair was unreasonably dangerous, and any speculative testimony to that point is insufficient to defeat summary judgment. Defendant contends that according to Plaintiff's own photographic evidence, the rocking chairs were clearly visible. R. Doc. 18 at 3. Defendant argues that because Plaintiff frequently visited this store, and had even sat in these chairs, she knew the chairs were on the porch. R. Doc. 18 at 3-4. Additionally, Defendant contends the chairs were not unreasonably dangerous because their utility, namely as a place to sit while waiting and a way to showcase merchandise, outweighs any small risk of harm they may have presented. R. Doc. 18 at 4.

Finally, Defendant argues that the testimony of Plaintiff and her paid consultant cannot be used to defeat summary judgment. Defendant contends that the expert testimony is too speculative to be used as evidence in this case, as the expert has no way of knowing whether Plaintiff actually saw the rocking chair as she approached the porch. Further, Defendant avers that the expert's testimony demonstrates that Cracker Barrel exceeded the relevant safety requirements. For example, the expert based his analysis on the required width of a walkway with people sitting in rocking chairs; yet at the time of the accident, there was no one sitting in the chairs. Thus, the aisle was only required to be 44 inches across, but was 54 inches across at the time of the accident. R. Doc. 18 at 6. Likewise, Defendant contends that Plaintiff's testimony that she did not see the rocking chair is insufficient to defeat summary judgment, because it is not Plaintiff, but a reasonably prudent person's perspective that should be used to determine whether the condition was open and obvious. R. Doc. 18 at 6.

## III.    LAW AND ANALYSIS

### a.          Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits

supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, however, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

    **b.**   **Analysis**

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. § 9:2800.6. "In a negligence claim brought against a merchant . . . for damages as a result of an injury . . . sustained because of a fall," the plaintiff must prove, in addition to elements of negligence, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is

insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). The Act further states that " 'constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C).

In this case, the Court finds that Plaintiff has made a sufficient showing that the rocking chair presented an unreasonable and reasonably foreseeable risk of harm to survive a motion for summary judgment. Defendant argues that the chair was open and obvious, and was therefore not unreasonable, however, at a minimum, this issue raises a question of material fact. Plaintiff alleges she could not see the chair as she was walking up the pathway to the restaurant, because the chair was somewhat hidden behind a column. An obstacle that "protrudes outward near ground level is not—at least as a matter of law—an "open and obvious" hazard. *Ray v. Stage Stores, Inc.*, 640 F. App'x 322, 324–25 (5th Cir. 2016).[2]

Further, factual issues exist with respect to whether or not the Defendant had actual and/or constructive knowledge of the location of the chair and whether it failed to exercise reasonable care in preventing the hazard. Defendant's employees admit that the staff were responsible for placing the chairs and were supposed to inspect the porch to ensure that customers had not moved the chairs. A reasonable inference can be drawn that Defendant either placed the chair behind the column, or it was there long enough that a routine inspection of the porch would have revealed the hazard. *See Ceasar v. Wal-Mart Stores, Inc.*, 00-1181 (La. App. 3 Cir. 6/6/01), 787 So.2d 582, 585 ("If a reasonable inference can be drawn from the circumstantial evidence presented by the plaintiff that it was more probable than not the [hazard]

---

[2]      While Defendant cites *Bufkin v. Felipe's Louisiana* to demonstrate that "summary judgment can be granted . . . on the issue of whether a condition presents an unreasonable risk of harm," that authority does not *mandate* that summary judgment must be granted in such cases. R. Doc. 18 at 1-2 (citing *Bufkin v. Felipe's Louisiana*, LLC, 14-0288 (La. 10/15/14), 171 So. 3d 851, 856).

existed for some period of time prior to the accident, the court can conclude the store had constructive notice.").

Finally, Plaintiff has presented sufficient evidence to survive summary judgment that Defendant failed to exercise reasonable care in placing and monitoring the chairs. While Defendant found it necessary to follow a "Planogram" for placing the first row of chairs on the porch, there was no such plan for placing a second row of chairs. Similarly, there was no policy regarding how often employees had to inspect the porch to ensure the chairs were not placed in a hazardous manner, despite the fact that employees were aware customers moved the chairs.

Thus, viewing the facts in the light most favorable to the non-moving party, Plaintiff has raised issues of material fact as to whether the chair's location was unreasonably dangerous, and created a foreseeable risk of harm. The Court finds that the Defendants either had actual or constructive notice of the location of the chair. Finally, the Court finds Plaintiff has demonstrated a factual question exists whether Defendants failed to exercise reasonable care by not having a plan for placing the second row of chairs, or monitoring the location of the chairs to ensure customers did not rearrange them in a hazardous manner.

IV.    **CONCLUSION**

Accordingly, **IT IS ORDERED** that the Defendant's Motion for Summary Judgment, R. Doc. 11, is **DENIED**.

New Olrenas, Louisiana, this 28th day of November, 2016.

HONORABLE ELDON E. FALLON
DISTRICT COURT JUDGE